■ In the Matter of the Accounting of GWENDOLYN R. VALENTE, as TRUSTEE and as Executrix of LOUIS A. VALENTE, Deceased Trustee, under an Indenture of Trust Made by LOUISE R. TRIBUNO, Appellant. JAMES C. DI GIACOMO COMPANY et al., Appellants; CHEMICAL BANK NEW YORK TRUST

COMPANY et al., Respondents.— Judgment, unanimously modified, on the law, on the facts, and in the exercise of discretion, to delete the third decretal paragraph providing for an allowance of $1,000 to James C. Di Giacomo Company, accountants, and the matter is remanded to Special Term, to be referred to BRUST, J., for a reconsideration of the matter of the claim of said accountants for services after due opportunity for presentation of relevant proofs by and hearing of all interested parties; and for the rendition by Special Term of an appropriate decree in the premises; with $50 costs of the appeal to the appellant trustee payable out of the trust estate but without costs or disbursements to any other party. It was decidedly improper for the respondents-cross appellants to refer in their brief to an alleged agreement with Special Term concerning counsel and attorneys' fees where the agreement was not a matter of record and there is no support for or reference to any such agreement in the record; furthermore, their brief was of no aid to the court in the determination of the material issues of this appeal; and consequently no award of costs or disbursements is made to them. The remand to Special Term is rendered necessary because of the inadequacy of the affidavit or proofs submitted by appellants-accountants to Special Term in support of their bill for services, and consequently, no award of costs or disbursements is made to them. The trustees were entitled to the assistance of accountants in the matter of the preparation of their intermediate account which covered a 26-year period and involved exchanges of stock holdings, stock splits, stock dividends, stock rights and stock sales with the computation of allocations, receipts and costs as between principal and income. It is clear that the accountants were retained in good faith and a proper bill for their charges should be paid by the trust estate; and this court would direct the payment of their bill of $4,375.47 as submitted if it were properly supported by the record. The affidavit submitted by them, however, lacks a proper showing of the extent and nature of their services and the details thereof, particularly bearing in mind that the trust securities were held in a custodian account during at least a substantial part of the accounting period and that custodian fees in substantial amounts were paid for many years. It may be that there is some explanation for the action of Special Term in reducing the bill to $1,000 notwithstanding the accountants' actual expense in the work greatly exceeded such sum; but such explanation does not appear in the record. Under the circumstances, Special Term should state the reasons and basis for its determination rendered on the reconsideration of the matter. Concur — Breitel, J. P., McNally, Eager and Steuer, JJ.